### STEPHEN B. WEBBER *vs.* JEROME DAVIS & another.

No exception lies to the allowance of an amendment to a declaration after a demurrer to it has been sustained, although the question of terms was reserved for future consideration, if it does not appear that the case was allowed to proceed to trial before the terms were decided upon.

A declaration sufficiently sets forth the authority of a constable to make an arrest on execution, which alleges the recovery of a judgment for $85 damages, the issuing of an execution thereon, the making of the affidavit and the procuring of the certificate required by the statute, and the delivery of the execution to a constable duly authorized to serve it.

A declaration sufficiently sets forth the authority of a magistrate to take a recognizance, upon an application to take the poor debtors' oath, which alleges that he was a commissioner of insolvency within and for the county where it was taken, and duly authorized to act in such cases.

The declaration in an action upon a recognizance, entered into upon an application by one who has been arrested on execution to take the poor debtors' oath, need not aver affirmatively that the execution had not been paid.

A certificate, under Gen. Sts. *c.* 124, § 5, to authorize an arrest of a judgment debtor on execution, which sets forth that the magistrate, after due hearing, is satisfied that there is reasonable cause to believe the facts therein required to be sworn to, is correct in form.

In an action upon a recognizance, it is not necessary, in order to show the authority of the magistrate who took it, to produce his commission in court; but his authority may be shown by parol proof of his acts in that capacity.

It is a sufficient signing of the name of a magistrate to an official certificate, if his surname is written in full, and his given name is expressed simply by its initial letter.

An execution having upon it the affidavit required by law for that purpose is sufficient to authorize the arrest of the judgment debtor, although the officer has made no search for property belonging to him, and has received no special directions to make the arrest.

CONTRACT upon a recognizance taken under Gen. Sts. *c.* 124, " of arrest, imprisonment and discharge," on the 20th of March 1861, before H. H. Coolidge, commissioner of insolvency, with condition that the defendant Davis, who had been arrested on an execution in favor of the plaintiff, should within thirty days from the time of his arrest deliver himself up for examination, giving notice às therein provided, and making no default, and abide the final order of the magistrate thereon. The affidavit upon the execution was made before said Coolidge, on the 19th of March 1861. At the trial in the superior court, before *Rockwell,* J., a verdict was returned for the plaintiff, and the

defendants alleged exceptions. The facts are stated in the opinion.

*J. Davis,* for the defendants.

*J. H. Butler,* for the plaintiff.

CHAPMAN, J. It appears by the bill of exceptions that the defendants demurred to the original declaration, and that at the January term of the superior court the demurrer was overruled, and by order of court an answer was filed. At April term the matter was re-heard, and the demurrer was sustained. The plaintiff, by leave of court, filed a new count, and the defendants moved "to strike it from the files," because the plaintiff had not paid costs according to the 15th rule. That rule requires that, upon filing amendments after demurrer, the amount of the term fee prescribed by law shall be paid to the adverse party. A general rule like this is binding on a judge at *nisi prius,* and he has no authority to dispense with it. *Tripp* v. *Brownell,* 2 Gray, 402. To allow the amendment to be filed without payment of costs was contrary to this rule. But the rule gives the judge authority to allow further costs; and as this matter is left to his discretion, he may reserve it for consideration. The bill of exceptions states that the question of costs had been reserved by the court, and was not settled till after the motion to strike the amendment from the files was overruled. It is not stated that the term fee was not then allowed and paid before the case proceeded further; and so it does not appear that the defendants suffered any injury from the irregularity of permitting the amendment to be filed before the term fee was paid.

The defendants, being ordered to answer the amended declaration, demurred again, and their demurrer was overruled. They then filed an answer, and the cause was tried. Several rulings made by the court upon the trial are excepted to. If the defendants intended to have the decision of the court overruling the demurrer brought before this court, they ought to have appealed; and the appeal should have been brought up with the exceptions. *Bennett* v. *Clemence,* 3 Allen, 431. But the questions are apparent on the record, and they have been argued and considered by the court.

The first specific cause of demurrer alleged and argued is, " that the declaration does not show that Harum Merrill, constable, had any legal authority to arrest the body of the defendant Davis." On looking at the declaration, we find that it alleges that the plaintiff recovered judgment against the defendants for $85.17 damages and for costs; that execution issued thereon ; that the plaintiff made the affidavit and procured the certificate required by the statute; and that " the said execution was put into the hands of Harum Merrill on said 19th day of March, with instructions to serve it, and said Harum Merrill then was and ever since has been a constable for the said city of Boston, duly authorized to serve said execution." The alleged cause of demurrer, being contrary to the plain words of the declaration, must be regarded as frivolous.

The second cause of demurrer is, that the declaration does not show that Coolidge was authorized to take said recognizance or any recognizance, or that he was duly authorized to act as a magistrate having jurisdiction of the subject matter, or that any recognizance was ever taken by him as a magistrate duly authorized. But the declaration alleges that he was " a commissioner of insolvency in and for the county of Suffolk," and that he was " duly authorized to act in such cases." And we are bound to know judicially that such an officer has the authority referred to. Gen. Sts. *c.* 124, §§ 1, 5.

At the trial, the plaintiff offered to prove the original execution on which the arrest was made. This was objected to on the ground that there was no allegation in the plaintiff's declaration that the same had not been satisfied, or that the defendants owed the plaintiff the amount or any part thereof. The objection was properly overruled. If it had any validity, it should have been taken upon demurrer. But the declaration alleges a judgment and execution, with a proper certificate upon it, and that the defendant Davis was taken and brought before the magistrate upon it; and these facts were sufficient to give the magistrate jurisdiction to take the recognizance. The omitted averments related to facts which the defendants should allege and prove, if they relied upon them. It was not necessary

for the plaintiff to aver negatively that the execution had not been paid.

The plaintiff then offered to prove the certificate which was annexed to the execution authorizing the arrest of Davis. To this the defendants objected, on the ground that the affidavit and certificate were not in compliance with Gen. Sts. *c.* 124, § 5. The objection as stated in the defendants' brief is, that the magistrate should have certified " that the creditor has proved to my satisfaction that there is reasonable cause to believe," &c., or words to that effect. The words used are, " and I certify that, after due hearing, I am satisfied that there is reasonable cause to believe," &c., which is the statute phraseology. The objection is frivolous, and was properly overruled. The plaintiff called Horace H. Coolidge as a witness, to testify that he was a commissioner of insolvency in the county of Suffolk, and acted as such on the 19th of March 1861. To this the defendants objected, not on the ground that the proof of his acting as such was insufficient, but on the ground that his commission was the best evidence. It is well settled that it is not, in general, necessary to prove the written appointment of public officers. All who are proved to have acted as such are presumed to have been duly appointed to the office, until the contrary appears. 1 Greenl. Ev. §§ 83, 92. *Elliott* v. *Willis*, 1 Allen, 461. The certificate being signed " H. H. Coolidge," the defendants objected to it on the ground that H. H. Coolidge was not Horace H. Coolidge ; that the letters " H. H." were not a Christian name, and that there was no official signature. No authority is cited in support of this position. The signature of instruments by writing the initials of the Christian name before the surname is a very common method ; and where there are two Christian names, very few persons write them both in full. To hold such signatures insufficient would invalidate a great number of instruments. The signature " H. H. Coolidge, Commissioner of Insolvency," sufficiently indicated the person who signed the certificate, and was binding on him, and thus answered all the purposes of a signature. " The names of men at this day are only sounds for distinction's sake, though

perhaps they originally imported something more, as some natural qualities, features or relations; but now there is no other use of them but to mark out the families or individuals we speak of, and to difference them from all others." Bac. Ab. Misnomer. In *Palmer* v. *Stephens*, 1 Denio, 471, the court say a person may execute an instrument and bind himself as effectually by his initials as by writing his name in full. Figures or a mark may be used in lieu of the proper name; and when either is substituted by a party, intending to bind himself, the signature is effective to all intents and purposes. That was an action on a promissory note which the defendant had signed by his mere initials. Probably if Coolidge had in this case signed the certificate by the mere initials of his Christian names and surname, it would have been held to be defective, on the ground that it did not sufficiently identify him. But the signature of his surname, with the initials of his Christian names, must be regarded as sufficient.

The defendants objected that the officer's return on the execution did not state that he had made any search for the goods, chattels and lands of Davis within his precinct, or that he was directed to arrest the body of Davis. No authority is cited in support of this objection, and the want of such search, or of directions from the plaintiff, could not make the arrest illegal. An execution had been put into his hands, having upon it a certificate such as the statute requires to authorize the arrest of the defendant, and that was sufficient.

*Exceptions overruled, with double costs*